857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HERITAGE CLOCK & BRASS SMITHS COMPANY OF MYRTLE BEACH, INC.;
Henry P. Grim; Nancy C. Grim, Plaintiffs-Appellants,
v.
HERITAGE SALES COMPANY; Heritage Clock Co.; Heritage
Realty Company; J. Curtis Williams, Defendants-Appellees,
HERITAGE CLOCK & BRASS SMITHS COMPANY OF MYRTLE BEACH, INC.;
Henry P. Grim; Nancy C. Grim, Plaintiffs-Appellees,
v.
HERITAGE SALES COMPANY; Heritage Clock Co.; Heritage
Realty Company; J. Curtis Williams, Defendants-Appellants.
 Nos. 87-3135, 87-3136.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 8, 1988.
Decided: Aug. 3, 1988.
 
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges.
 Robert Monroe Erwin, Jr. (Clay D. Brittain, III, Nelson, Mullins, Riley & Scarborough, on brief), for appellants.
 Mary Layton Wells (Peter D. Hyman, Sr., Hyman, Morgan, Brown, Jeffords & Rushton, on brief), for appellees.
 PER CURIAM:
 
 
 1
 This appeal is from a jury verdict awarding plaintiffs damages in the amount of $157,960.68 and awarding defendants damages in the amount of $137,357.11 on their counterclaim in a lawsuit arising from the sale of a business. Jurisdiction is based on diversity of citizenship. We affirm.
 
 
 2
 Plaintiffs, Heritage Clock and Brass Smiths Company and its owners, Henry and Nancy Grim, brought this action against the defendants, Heritage Sales Company and its president, J. Curtis Williams, alleging fraud in the inducement and a breach of the South Carolina Unfair Trade Practices Act (S.C.U.T.P.A.), Secs. 39-5-10 to -560 (1976). The defendants counterclaimed for the amount due under a promissory note.
 
 
 3
 This suit arises out of a transaction in which the defendants sold a factory outlet business to the plaintiffs. The plaintiffs allege that the defendants misrepresented the past profitability of this business. The defendants counterclaimed for the balance due on a $170,000.00 note which had been executed to finance the plaintiffs' purchase of this business. The jury found for plaintiffs on the cause of action for fraudulent inducement and returned a verdict for plaintiffs for actual damages. The jury found for defendants on plaintiffs' cause of action for violation of the S.C.U.T.P.A. and for defendants on their counterclaim under the promissory note. Numerous issues were raised on appeal by both parties.
 
 
 4
 Having reviewed the record in this case and having heard oral arguments, we are convinced that the issues raised are meritless. While the plaintiffs' evidence of misrepresentation may not have been the strongest, it was sufficient to warrant submission of that claim to the jury under instructions to which there was no objection. Similarly, there is no basis for denying the defendants recovery on their promissory note.
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.